JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01106-RGK (AJWx) | Date | March 1, 2012 |
|---|---|---|---|
| Title | *SIMON PHILY v. CHASE CORPORATION* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Remanding Action to State Court

On December 22, 2011, Simon Phily ("Plaintiff"), filed suit against Chase Corporation ("Defendant"). In his Complaint, Plaintiff asserts state law personal injury claims.

On February 8, 2012, Defendant removed the action to this Court alleging diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992). Defendant adequately shows that the parties are citizens of different states. However, Defendant attempts to show that the amount in controversy exceeds $75,000, but does not succeed on the facts alleged.

Defendant bases its argument on the amount in controversy solely on the facts that Plaintiff filed an unlimited civil case in Los Angeles Superior Court and that Plaintiff has requested punitive damages and attorneys' fees. Defendant provides the Court with absolutely no facts or evidence from which it could make an estimate as to the amount in controversy. The fact that Plaintiff filed an unlimited civil case does in and of itself indicate that the amount in controversy in this case is more likely than not to be more $75,00.

In short, Defendant asks the Court to speculate as to the amount of damages incurred by Plaintiff. The Court cannot base jurisdiction on Defendant's speculation and conjecture. *Lowdermilk v.*

*United States Bank Nat'l Assoc.*, 479 F.3d 994, 1002 (2007). Accordingly, Defendant has failed to satisfy its burden that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |